■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELIC BRADFORD, Appellant. [879 NYS2d 137]—

Judgments, Supreme Court, New York County (Rena K. Uviller, J.), rendered December 13, 2007, convicting defendant, upon his pleas of guilty, of assault in the first degree, robbery in the first degree, criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree, and sentencing him to an aggregate term of 18 years, unanimously affirmed.

The court properly exercised its discretion in denying defendant's motion to withdraw his guilty pleas to assault in the first degree and robbery in the first degree without assigning new counsel in connection with the motion, after sufficient inquiry wherein defendant was afforded a reasonable opportunity to present his contentions (*see People v Frederick*, 45 NY2d 520 [1978]). The record establishes that defendant knowingly, intelligently, and voluntarily pleaded guilty (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]). With regard to the pleas at issue, defendant stated, without elaboration, that his "lawyer insisted that I take it. I really didn't want to take it." Under these circumstances, and given that defendant concedes on appeal that counsel did not act improperly in any respect, the court was not required to assign new counsel. Counsel negotiated a plea whereby defendant received a favorable disposition involving four separate crimes that were increasingly serious, culminating in the shooting that left defendant's victim paralyzed.

Defendant's argument that his plea was rendered involuntary by the court's failure to mention the mandatory surcharges and fees during the plea allocution is without merit (*see People v Hoti*, 12 NY3d 742 [2009]).

We perceive no basis for reducing the sentences.

Motion seeking leave to hold appeal in abeyance denied. Concur—Catterson, J.P., McGuire, Moskowitz, DeGrasse and Freedman, JJ.